IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* Lou Boggs and Kim Borden,<br><br>                    Plaintiff/Relator,<br><br>v.<br><br>BRIGHT SMILE FAMILY DENTISTRY, P.L.C.,<br>a/k/a Brite Smile Family Dentistry, a/k/a<br>Bright Smile Family Dentistry Family &<br>Cosmetic Dentistry, ELI TANIOS JARJOURA,<br>Individually, and as the Owner of Bright Smile,<br>d/b/a Eli Tanios Jarjoura, P.C., d/b/a Bright<br>Smile Family Dentistry Family & Cosmetic<br>Dentistry, d/b/a Brite Smile Family Dentistry;<br>JULIE SPEIGHTS, DDS, d/b/a Julie Speights,<br>P.C., d/b/a Bright Smile Family Dentistry<br>Family & Cosmetic Dentistry, d/b/a Brite Smile<br>Family Dentistry; ROBERT ORRIN BAIRD, DDS,<br>d/b/a Robert Orrin Baird, P.C., d/b/a Bright<br>Smile Family Dentistry Family & Cosmetic<br>Dentistry, d/b/a Brite Smile Family Dentistry;<br>GOLNAZ NAGHDI, DDS, d/b/a Golnaz Naghdi,<br>P.C., d/b/a Bright Smiles Family Dentistry<br>Family & Cosmetic Dentistry, d/b/a Brite Smile<br>Family Dentistry; VAN PHONG VU, DDS, d/b/a<br>Van Phong, P.C., d/b/a Bright Smile Family<br>Dentistry Family & Cosmetic Dentistry, d/b/a<br>Brite Smile Family Dentistry; JASON WAYNE<br>CHANG, DDS, d/b/a Jason Wayne, P.C., d/b/a<br>Bright Smile Family Dentistry Family & Cosmetic<br>Dentistry, d/b/a Brite Smile Family Dentistry;<br>TERRANCE BRYAN SHUTTS, DDS, d/b/a<br>Terrance Bryan Shutts, P.C., d/b/a Bright Smile<br>Family Dentistry Family & Cosmetic Dentistry,<br>d/b/a Brite Smile Family Dentistry;<br>ROSS P. ALLEN, DDS, d/b/a Ross P. Allen,<br>P.C., d/b/a Bright Smile Family Dentistry | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. CIV-10-25-L |

Family & Cosmetic Dentistry, d/b/a Brite Smile      )
Family Dentistry; ABDESSAMAD BENBAJJA,             )
DDS, d/b/a Abdessamad Benbajja, P.C., d/b/a         )
Bright Smile Family Dentistry Family & Cosmetic    )
Dentistry, d/b/a Brite Smile Family Dentistry;      )
ELIE ABOU-NASSER, d/b/a Elie Abou-Nasser,          )
P.C., d/b/a Bright Smile Family Dentistry           )
Family & Cosmetic Dentistry, d/b/a                  )
Brite Smile Family Dentistry,                       )
                                                    )
                    Defendants.                     )

## O R D E R

Plaintiff/Relators Lou Boggs and Kim Borden ("relators") bring this *qui tam* action against the named defendants alleging four causes of action under various provisions of the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, ("FCA") (Counts I through IV), and one cause of action alleging a violation of the Oklahoma Medicaid False Claims Act, 63 O.S. § 5053, *et seq.* (Count V). Amended Complaint, Doc. No. 18. Relators assert that certain gas card and courtesy transportation offerings by the defendants, who are dentists, violated the federal and state False Claims Acts.

Relators first advanced their allegations in January of 2010. The United States Attorney for the Western District of Oklahoma conducted an investigation into the allegedly improper conduct of the defendants, but declined to pursue the allegations. The relators thereafter secured summons and commenced this

lawsuit.[1]  The trial in this case is set on the court's July 2013 jury trial docket.

This matter is before the court on several motions for summary judgment. Seven of the defendants have filed the following similar motions: Defendant Ross P. Allen's Motion for Summary Judgment **[Doc. No. 137]**; Defendant Robert Orrin Baird's Motion for Summary Judgment **[Doc. No. 138]**; Defendant Jason Wayne Chang's Motion for Summary Judgment **[Doc. No. 139]**; Defendant Abdessamad Benbajja's Motion for Summary Judgment **[Doc. No. 140]**; Defendant Golnaz Naghdi's Motion for Summary Judgment **[Doc. No. 141]**; Defendant Terrance Bryan Shutt's Motion for Summary Judgment **[Doc. No. 142]**; and Defendant Van Phong Vu's Motion for Summary Judgment **[Doc. No. 143]** (collectively referred to as the "Allen defendants").  Relators filed a combined response to the Allen defendants' dispositive motions and the Allen defendants filed a combined reply brief.

This matter is also before the court on Defendants Bright Smile Family Dentistry, P.L.C., Eli Tanios Jarjoura, DDS, and Julie Speights, DDS's Motion for Summary Judgment **[Doc. No. 146]** (collectively referred to as the "Bright Smile defendants").  Relators responded to the motion and the Bright Smile defendants filed a reply brief.

---

[1]     These background facts are generally based on facts contained in Elie-Abou Nassar, D.D.S.'s and Elie Abou-Nassar, D.D.S., P.L.L.C.'s Motion for Summary Judgment.  Doc. No. 147, p. 6. These facts are undisputed by plaintiffs.  *See* Doc. No. 155, p. 1.

This order also addresses Defendants Elie Abou-Nassar, D.D.S.'s[2] and Elie Abou-Nassar, D.D.S., P.L.L.C.'s ("Abou-Nassar's"), Motion for Summary Judgment **[Doc. No. 147]**.  It should be noted that Abou-Nassar's motion adopts the Bright Smile defendants' summary judgment motion and the Allen defendants have adopted both Abou-Nassar's summary judgment motion and the Bright Smile defendants' summary judgment motion **[Doc. No. 148]**.  The court has carefully reviewed the respective response and reply briefs and all of the exhibits. For the reasons set forth below, the court finds that all defendants are entitled to summary judgment as a matter of law.

Summary judgment is appropriate when the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a) ("[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  Substantive law determines which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the judge must "view the evidence presented through the prism of the substantive evidentiary burden."  Id

---

[2]        The spelling of this defendant's name differs from that in the Amended Complaint.  The court adopts defendant's spelling in this order.

at 254-55.  The dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

The party opposing summary judgment may not rest upon the mere allegations or denials of the party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]").  The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.  Allegations alone will not defeat summary judgment. Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment.  In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982).

In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. Bryant v.

5

O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988). The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party. Allegations alone will not defeat summary judgment. Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).

The procedural history of this case reveals that at the motion to dismiss stage, the court allowed relators' claims to proceed noting, however, that whether these claims would ultimately succeed was not appropriate for determination at that time. Order, Doc. No. 39, p. 11. The court also found that several factual questions rendered outright dismissal of the Amended Complaint inappropriate at the motion to dismiss stage. Id.

Despite a long period of discovery, and in the face of numerous factually-supported motions for summary judgment filed by all the defendants, relators have not identified a genuine issue of fact requiring a trial as to their claims. Although relators have attempted to "dispute" defendants' statement of material undisputed facts, the court finds that when relators' responses are carefully reviewed, the operative facts are not actually controverted. On the undisputed summary judgment record presented, a trial is not warranted. A reasonable jury could not find a False Claims Act violation from the evidence presented by relators at the summary judgment stage. As established by the authorities cited above, parties may not escape summary judgment on the mere hope that

6

something may turn up at trial.  Nor is the mere possibility that a factual dispute may exist sufficient to overcome a convincing presentation made by the parties seeking summary judgment.

The Allen defendants have moved for summary judgment on the basis that they had no knowledge of any gasoline gift certificates given to any patients or representatives of patients which were used as an inducement.  The Statement of Material Facts contained in each of the Allen defendants' dispositive motions are virtually identical.

- The Allen defendants deny giving any gasoline gift certificates to any patients or representatives of patients.

- The Allen defendants state that they have never knowingly presented or caused to be presented false or fraudulent claims for payment to the United States or the State of Oklahoma.

- The Allen defendants also state that they have never knowingly made, used or caused to be made false records or statements to get false or fraudulent claims paid by the United States.

- Each of the Allen defendants deny personally advertising in the Metro Family or Kid's Directory publications.

Based on the undisputed facts, the Allen defendants persuasively assert that there is a complete lack of scienter evidence in this case.

Relators' Amended Complaint alleges violations of the Federal False

Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), (C) & (G).  These statutory provisions

provide in pertinent part:

(a)     Liability for certain acts.- -

    (1)  In general. - - Subject to paragraph 2, any person who - -

        (A)  knowingly presents, or causes to be presented, a false or

        fraudulent claim for payment or approval;

        (B)  knowingly makes, uses, or causes to be made or used, a false

        record or statement material to a false or fraudulent claim;

        (C)  conspires to commit a violation of subparagraph (A), (B) [ . . . ]

        or (G); [ . . .]

        (G)  knowingly makes, uses, or causes to be made or used, a false

        record or statement material to an obligation to pay or transmit

        money or property to the Government, or knowingly conceals or

        knowingly and improperly avoids or decreases an obligation to pay

        or transmit money or property to the Government,

        is liable to the United States Government for a civil penalty of not

        less than $5,000 and not more than $10,000 . . . , plus 3 times the

        amount of damages which the Government sustains because of the

        act of that person.

31 U.S.C. § 3729(b)(1) states that the terms "knowing" and "knowingly" - -

    (A) mean that a person, with respect to information –

        (i) has actual knowledge of the information;

        (ii) acts in deliberate ignorance of the truth or falsity of the

    information; or

        (iii) acts in reckless disregard of the truth or falsity of the information;

    and

(B) require no proof of specific intent to defraud[.]

The Oklahoma Medicaid FCA's definitions of "knowing" and "knowingly" are identical to the Federal FCA.  *See* 63 O.S. § 5053.1.  Under Tenth Circuit authority, simple negligence does not violate the False Claims Act.  U.S. *ex rel.* Burlbaw v. Orenduff, 548 F.3d 931, 949 (10th Cir. 2008).

Relators acknowledge the clear statutory language requiring that they prove the defendant dentists acted "knowingly," but have failed to come forward with evidence to controvert the Allen defendant's sworn testimony.  Relators state that these defendants "could have" acted with deliberate ignorance of the situation or in reckless disregard of the truth or falsity of the information.  However, relators have pointed to no evidence or even a reasonable inference to support this theory.  Although relators mention that certain unidentified persons in the dentists' offices discussed the gas cards, and that the cards were kept at dentists' offices, these  facts, even if true, are quite remote from the allegations made against the Allen defendants and do not prove or raise an inference that the Allen defendants were present during such conversations or otherwise had actual knowledge of or involvement with the gas coupon program.  More importantly, the activities of unidentified persons do nothing to specifically controvert the summary judgment evidence of the Allen defendants.  Relators' theories are mere speculation.

The court also rejects relators' attempt to forge a connection between their

9

False Claims Act claims and the alleged violation of 59 O.S. § 328.31a, a state statute which regulates Oklahoma dentists' use of trade names in advertisements.  Section 328.31a provides:

> A.      One dentist or multiple dentists may use a trade name in connection with the practice of dentistry provided that:
>
> 1.      The use of the trade name shall not be false, fraudulent or misleading;
>
> 2.      The name of the dentist or dentists actually providing the dental services to the patient shall appear on all billing invoices or statements sent to the patient and on all receipts if any are given to the patient;
>
> 3.      Treatment records shall be maintained for each patient that clearly identify the dentist or dentists who performed all dental services for the patient; and
>
> 4.      When one dentist or multiple dentists make an advertisement in the trade name or the trade name is included in an advertisement, a copy of the advertisement, including but not limited to any electronic form of the advertising, shall be kept by the dentist or dentists for three (3) years from the first publication date of the advertisement.
>
> B.      The Board of Dentistry shall promulgate rules regulating advertisements in which one dentist or multiple dentists use a trade name.

This statutory provision was not cited by relators in their Amended Complaint, and relators' reliance on it is insufficient to prevent summary judgment in the face of the uncontroverted evidence.  Relators have not pointed to any

admissible evidence to show that this statute has been violated.  The court finds that the mere possibility that this statute might have been violated cannot be equated with the scienter requirement of the federal or state False Claims Act. This is particularly true when the court considers that the Allen defendants have come forward with affidavit after affidavit supporting their contentions that they had no knowledge of any gasoline gift certificates given to any patients or their representatives as inducements, that they did not give gasoline gift certificates to any patient or representative, that they never knowingly presented or caused to be presented false or fraudulent claims for payment to the United States or the State of Oklahoma, that they never knowingly made, used or caused to be made false records or statements to get false or fraudulent claims paid by the United States, and that they did not personally advertise in the Metro Family or Kid's Directory.  Relators have failed to come forward with any summary judgment evidence, from any witness or source, which would cast doubt on these affidavits. Relators have failed to come forward with a sufficient amount of non-speculative evidence to create a genuine issue requiring a trial on their claims based on 31 U.S.C. § 3729(a)(1)(A), (B), (C) & (G) or the Oklahoma Medicaid False Claims Act. Therefore, the Allen defendants are entitled to summary judgment.

The court  finds that relators have also failed to come forward with sufficient evidence at the summary judgment stage to demonstrate a genuine issue of fact as to defendant Dr. Elie Abou-Nassar as it relates to the scienter

element required to be demonstrated by relators in order to recover on their fraud claims against this defendant.  The relators have come forward with no evidence that Dr. Abou-Nassar's actions satisfy the definition of "knowing" or "knowingly" as required under the federal or state statutes.  Summary judgment is appropriate in favor of Dr. Abou-Nassar for essentially the same reasons as those discussed by the court in connection with the Allen defendants.

Turning to a consideration of the Bright Smiles defendants' Motion for Summary Judgment with respect to the False Claims Act claims against Dr. Julie Speights, the court finds that relators have failed to come forward with sufficient evidence at the summary judgment stage to demonstrate a genuine issue of fact as to the claims against Dr. Speights based on the Federal FCA or the Oklahoma FCA.  For this reason, the court finds that summary judgment is appropriate in favor of Dr.  Speights for essentially the same reasons as those discussed by the court above in connection with the Allen defendants and the Abou-Nassar defendants.  Although relators have come forward with deposition testimony that raises a question about whether Dr. Speights actually treated one of the children involved in this matter, the court concludes that, even assuming Dr. Speights did treat the child, this has no bearing on the scienter element required to be demonstrated by relators in order to recover on their FCA claims against Dr. Speights.  Relators have offered insufficient evidence at the summary judgment stage that Dr. Speights' actions satisfy the definition of "knowing" or "knowingly"

as required under the FCA.

Significantly for all defendants, the court finds that the Bright Smiles defendants' argument that relators' claims should be dismissed for lack of subject matter jurisdiction pursuant to the public disclosure bar has merit and summary judgment should be granted in favor of all defendants on this issue.  Jurisdictional challenges based on the public disclosure bar are necessarily intertwined with the merits of the case and may be resolved under Fed. R. Civ. P. 12(b)(6) or Rule 56. United States *ex rel.* Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1159 (10th Cir. 1999).  The parties agree that the following version of 31 U.S.C. § 3730(e) applies to the question of whether the public disclosure bar applies in this case:

(e) Certain actions barred. --

(4)(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office Report, hearing audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

The Tenth Circuit has explained that *qui tam* relators bear the ultimate

burden of proving facts essential to show jurisdiction under the FCA, and the

Tenth Circuit has also placed the burden on the relators to prove the criteria for

the public disclosure bar are not met.  United States *ex rel.* Lancaster v. Boeing

Company, 778 F. Supp. 2d 1231, 1245-46 (N.D. Okla. 2011), *citing*, *e.g.*, United

States *ex rel.* Fine v. MK-Ferguson Co., 99 F.3d 1538, 1545 (10th Cir. 1996).

Application of the 31 U.S.C. § 3730(e)(4) jurisdictional bar requires a four-

step inquiry: (1) whether the alleged "public disclosure" contains allegations or

transactions from one of the listed sources; (2) whether the alleged disclosure

has been made "public" within the meaning of the FCA; (3) whether the complaint

is "based upon" this public disclosure; and, if so (4) whether the relator qualifies

as an "original source."  Kennard v. Comstock Resources, Inc., 363 F.3d 1039,

1042 (10th Cir. 2004) (citations omitted).  A court should address the first three

public disclosure issues first, and a consideration of the fourth "original source"

issue is only necessary if the court answers the first three questions in the

affirmative.  Id.

As noted, § 3730(e)(4) specifically lists the news media as an avenue for

public disclosure. Id. at 1043.  Under Tenth Circuit law, the term "based upon"

means "supported by."  Kennard, 363 F. 3d at 1044 (citations omitted).  The court

must determine whether "substantial identity" exists between the publicly

disclosed allegations or transactions and the *qui tam* complaint.  United States *ex*

*rel.* Fine v. Advanced Sciences, Inc., 99 F.3d 1000, 1006 (10th Cir. 1996) (citation

omitted).  The FCA bars any *qui tam* action that is even partly based upon the

publicly disclosed allegations or transactions.  <u>Id.</u>

Relators did not dispute paragraphs 11 through 14 and 18 through 20 of

the Bright Smile defendants' Undisputed Material Facts ("UMF") concerning the

advertisements at issue.  *See* Relators' Response, Doc. No. 156, pp. 7 & 8.

These undisputed facts reveal that as of July of 2008, Dr. Eli Tanios Jarjoura,

principal owner of Bright Smile Family Dentistry, PLC, was advertising in several

publications, including Metro Family Magazine and Kids Directory.  Metro Family

Magazine is a magazine of general publication distributed throughout the OKC

metro area.  Metro Family Magazine publishes approximately 30,000 to 35,000

copies of its magazine which are distributed each month through 500 distribution

sites.  Kids Directory is a similar publication, distributed throughout Oklahoma

City.  According to its website, Kids Directory publishes 120,000 copies of its

magazine annually through 400 distribution locations.  It is not disputed that the

initial Bright Smile advertisement at issue in this case appeared in the July 2008

Metro Family Magazine edition.[3]  The advertisements at issue in this case ran

from July 2008 through September 2010 in both Metro Family Magazine and Kids

Directory.  While the content of the advertisements changed in some details over

---

[3]     Although relators failed to dispute UMF No. 14, in response to UMF No. 1, relators state
that the "bills from Metro Family magazine indicate that the advertising scheme with coupons actually
began in September of 2006 and the government is allowed to recover for the entire time."  Doc. No. 156,
p. 6.  It should be noted that this statement has no obvious relevance to UMF No. 1, but is mentioned here
since it appears to relate to UMF No. 14 and raises an inference that the advertisements began in 2006.

time, from July 2008 through March of 2010, the advertisements included a

coupon which was redeemable for a $15 gas card redeemable at 7-Eleven

convenience stores.  From April 2010 through September of 2010, at which time

any gas coupon advertisements were discontinued, the advertisements offered

only $10 gas coupons.

Based on these undisputed facts, the relators' claims in this lawsuit (initially

filed under seal in January of 2010) clearly arise from these published

advertisements which were circulated throughout the metropolitan Oklahoma City

area and generally available to all members of the public in that area well before

the time the relators initiated this lawsuit.  Relators do not dispute the content of

these ads or that their publication preceded the date of their lawsuit.

Indeed, a review of the genesis of this whole case begins with and is

centered on the advertisements.  It is undisputed that one of the relators, Lou

Boggs, contends that she first learned of the alleged gas coupons from reviewing

an advertisement in Metro Family Magazine.  UMF No. 26.  Relator Kim Borden

contends she first learned of the alleged gas coupon inducements when her

neighbor, Lou Boggs, showed her a copy of the Metro Family Magazine.  UMF

No. 27.  It is undisputed that when Lou Boggs saw the initial advertisement, she

claims she was "astonished" that the defendants were offering what she believed

were inducements targeted at SoonerCare patients.  UMF No. 45.

In their response, relators submit that the advertisements placed in the

public domain contained "no information of fraud" and "could have actually been legitimate if the Defendants had followed the laws of the government when passing out their vouchers; however they did not and it took the industrious investigation of the Relators to actually uncover the fraudulent scheme being perpetrated."  Doc. No. 156, p. 15.  This self-serving argument contained in their response brief on the issue of the public disclosure bar, however, is contrary to the above-described testimonial evidence which conveys that once Lou Boggs saw the advertisements, she was immediately astonished that the advertisements were offering what she believed were inducements targeted at SoonerCare patients.  The idea that an industrious further investigation was required is also contradictory to statements made in relators' summary judgment response briefs, in which relators argue that: "In this case, **the offer itself**, to a party who is receiving care based on money which comes from the Federal Government and the State Medicaid System, can be enough and the provision of the actual payment is not necessary."  Doc. No. 154, p. 6; Doc. No. 155, p. 8; Doc. No. 156, p. 19 (emphasis added).  Relators' position is also belied by their comment, noted in footnote 4 above, that ties recovery of damages in this case to the duration of the alleged advertising scheme, not to any one patient or receipt by any patient of a gas coupon upon visiting a Bright Smile clinic.

According to the Bright Smile defendants, the relators' theory of damages is that any claims submitted to SoonerCare while the advertisements were

17

running in the media should be considered as "false claims" under applicable law.

The court finds this theory is consistent with and the summary judgment evidence

in this case.  The court concludes that the allegations of the relators were "based

on" prior public disclosures of information contained in the Metro Family

Magazine and Kids Directory advertisements themselves.

Thus, this *qui tam* action will be barred unless the relators can establish

that they are the original source of the information which makes up the

allegations of the Amended Complaint.  Relators allege that they used their

knowledge and personal presence to confirm that a fraud was being committed.

Of course, this attempt to avoid summary judgment is inconsistent with the

relators' own statements referenced above to the effect that the *offer* of the gas

cards to a party receiving care based on money which comes from the federal or

state government is sufficient, in and of itself, for liability under the False Claims

Acts.  It is undisputed that the offer was contained in the advertisements.  Given

the undisputed facts, relators' contradictory arguments are not sufficient as a

matter of law to create a genuine issue of material fact requiring a trial.  The court

rejects the notion that relators' case "required the procurement of personal

documents, including the children's billing history with SoonerCare, which would

not be a public record and are *never* provided outside of to the patient

themselves (or to their authorized representative) because of the OHCA's privacy

restrictions."  Doc. No. 156, p. 18.  The argument that this further personalized

investigation was required by plaintiffs before the case could be filed is at odds with their claims for damages, which are based on Oklahoma Health Care Authority records showing the number of claims submitted and amounts of the claims actually paid, without regard to the claims submitted and paid concerning any children taken by relators to the Bright Smile dental clinics in response to the advertisements.  *See* Doc. No. 157-2.  Additionally, relators are not contending in this lawsuit that any of the medical services provided to any of the patients identified in the Amended Complaint were either unnecessary or unreasonable. UMF No. 43.

As a matter of law, the court finds the investigation conducted by relators cannot be said to materially add to the publicly disclosed information appearing in the advertisements.  Furthermore, the investigation conducted by relators was entirely derivative of the information disclosed in the advertisements which, according to relators, was sufficient to indicate wrongdoing.

When a relator's *qui tam* action is based solely on material elements already in the public domain, that relator is not an original source.  Kennard, 363 F.3d at 1045.  Here, relators have failed to meet their burden of showing that they were the original source of their material allegations in this case.  Accordingly, the relators' claims are barred under the public disclosure doctrine and all defendants are entitled to summary judgment on this basis as a matter of law.  In light of the dispositive nature of the court's rulings set forth above, the court need not

19

consider the Bright Smile defendants' argument that relators' claims based on the federal and state False Claims Acts should be dismissed because the advertisements offered nominal immaterial inducements which comply with applicable law and regulations.[4]

In summary, for the reasons stated in this order, Defendant Ross P. Allen's Motion for Summary Judgment **[Doc. No. 137]** is **GRANTED**; Defendant Robert Orrin Baird's Motion for Summary Judgment **[Doc. No. 138]** is **GRANTED**; Defendant Jason Wayne Chang's Motion for Summary Judgment **[Doc. No. 139]** is **GRANTED**; Defendant Abdessamad Benbajja's Motion for Summary Judgment **[Doc. No. 140]** is **GRANTED**; Defendant Golnaz Naghdi's Motion for Summary Judgment **[Doc. No. 141]** is **GRANTED**; Defendant Terrance Bryan Shutt's Motion for Summary Judgment **[Doc. No. 142]** is **GRANTED**; and Defendant Van Phong Vu's Motion for Summary Judgment **[Doc. No. 143]** is **GRANTED**; Defendants Bright Smile Family Dentistry, P.L.C., Eli Tanios Jarjoura, DDS, and Julie Speights, DDS's Motion for Summary Judgment **[Doc. No. 146]** is **GRANTED**; and Defendants Elie Abou-Nassar, D.D.S.'s and Elie Abou-Nassar, D.D.S., P.L.L.C.'s Motion for Summary Judgment **[Doc. No. 147]** is also **GRANTED**.  Summary Judgment is granted in favor of all defendants. Judgment

---

[4]        As noted by the Bright Smile defendants' reply, relators failed to address in their summary judgment response the contention that the proper burden of proof as to every element of relators' claims is clear and convincing evidence.  In this particular case, it appears that a determination of this issue is not necessary due to the relators' general failure to come forward with any evidence sufficient to create a genuine issue of fact – even if the court were to apply a preponderance of the evidence standard.

will issue on a separate document in accordance with the Federal Rules of Civil

Procedure.

It is so ordered this 18th day of April, 2013.

_Tim Leonard_

TIM LEONARD
United States District Judge